AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
District of Columbia

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )  Case No. 24-sw-95
)
**ONE PERSON UNDER RULE 41** )
)
)

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, hereby incorporated by reference.

located in the      Jurisdiction of the      District of      Columbia     , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, hereby incorporated by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to violations of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 924(c)(1), 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C) | Possessing a Firearm in Furtherance of a Drug Trafficking Offense, Possession with Intent to Distribute Fentanyl |

The application is based on these facts:

See Affidavit in Support of Application for Search Warrant, which is incorporated herein.

☐ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Cristen Modlin, Detective
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
       telephone       *(specify reliable electronic means)*.

Date: 03/27/2024

*Judge's signature*

City and state: Washington, D.C.      Moxila A. Upadhyaya, United States Magistrate Judge
*Printed name and title*

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means    ☐ Original    ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>ONE PERSON UNDER RULE 41 | )<br>)<br>) Case No. 24-sw-95<br>)<br>)<br>) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the     Jurisdiction of the     District of     Columbia
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A, hereby incorporated by reference.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B, hereby incorporated by reference.

**YOU ARE COMMANDED** to execute this warrant on or before     April 10, 2024     *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.    ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to     Moxila A. Upadhyaya     .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 03/27/2024

City and state:     Washington, D.C.         Moxila A. Upadhyaya, United States Magistrate Judge
*Printed name and title*

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.: <br> 24-sw-95 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

| **Certification** |
|---|
|     I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge. |

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

*Person to be Searched*

The person to be searched is **Jevaughn Mark**, DOB **01/08/1992**, FBI# **155881MD4**; **PDID: 608-960:**



## ATTACHMENT B

*Property to be seized from person of* **Jevaughn MARK**

All items constituting evidence, fruits, and/or instrumentalities of violations of Possessing a Firearm in Furtherance of a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1) and Possession with Intent to Distribute Fentanyl, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C) (hereinafter, the "SUBJECT OFFENSES"), by **MARK**, as described in the search warrant affidavit, including, but not limited to, the following:

   a. A sample of the deoxyribonucleic acid ("DNA") of the person identified in Attachment A to be collected via buccal or oral swab in accordance with established procedures, and to be analyzed forensically in accordance with the applicable, valid established procedures.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR A SEARCH WARRANT OF ONE PERSON | Case No. 24-SW-___ |

**AFFIDAVIT IN SUPPORT OF APPLICATION UNDER RULE 41 FOR WARRANT TO SEARCH AND SEIZE**

I, **Detective Cristen Modlin,** being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing a search of a sample of the deoxyribonucleic acid ("DNA") from **JEVAUGHN MARK** ("MARK") to be collected via buccal or oral swab in accordance with established procedures, and to be analyzed forensically in accordance with the applicable, valid established procedures.

2. I am a Task Force Officer ("TFO") with the Drug Enforcement Administration ("DEA"). I have been in this position since July 2023. I am presently assigned to the Washington Division Office, Group 44 of DEA. Since becoming a TFO with the DEA, I have participated in investigations of individuals and organizations for violations of the federal narcotics laws. I am also employed as a sworn Detective of the Metropolitan Police Department (MPD) in Washington, D.C. I joined the MPD in 2007. I have the authority to conduct narcotics trafficking investigations and enforcement activities pursuant to Title 21 of the United States Code. My work has focused on narcotics and gun related investigations and has involved the execution of numerous search warrants wherein narcotics and weapons have been seized. As a TFO with the DEA, I am responsible for investigations involving unlawful activities that include illegal narcotics distribution. As a law enforcement officer, I have actively participated in investigations of

criminal activity, including, but not limited to, investigations involving the unlawful possession of firearms and drug trafficking. During these investigations, I have participated in the execution of arrest and search warrants and the seizure of evidence indicative of the unlawful possession and/or trafficking of firearms and narcotics. As a law enforcement officer, I have testified under oath as part of those criminal investigations. I have also personally conducted and participated in investigations that have resulted in the arrests and convictions of individuals unlawfully possessing and/or trafficking firearms, narcotics and committing violent crimes. As a law enforcement officer, I have been involved in the use of the following investigative techniques: interviewing informants and cooperating witnesses; conducting physical surveillance; executing search warrants and arrest warrants which resulted in seizures of illegal narcotics, firearms, and other contraband; consensual monitoring and recording of both telephonic and non-telephonic communications; and analyzing telephone pen register and caller identification systems data. As a federal agent, I am authorized to investigate violations of laws of the United States, and as a law enforcement officer I am authorized to execute warrants issued under the authority of the United States.

   3. Through my training and employment, I am also familiar with the fact that each person has a unique DNA composition. DNA isolated from blood, hair, skin cells, or other genetic evidence left at the scene of a crime or left on evidence of a crime can be compared with the DNA of an individual to identify an individual as a potential suspect, or exclude an individual as a potential suspect.

   4. I base the facts set forth in this affidavit upon my personal knowledge, information obtained during my participation in this investigation, review of documents to include business and bank records and official government records, knowledge obtained from other individuals

including law enforcement personnel, and communications with others who have personal knowledge of the events and circumstances described herein.

5. Because this affidavit is being submitted for the limited purpose of search warrant for a buccal swab of MARK, I have not set forth every fact learned during this investigation. I make this affidavit based, in part, on my personal knowledge and observations derived from my participation in this investigation, information provided by other law enforcement officers, reports and data provided by other officers, which I have read and reviewed, and, in part, upon information and belief.

6. On the basis of this familiarity, and on the basis of other information your affiant has reviewed and determine to be reliable, I allege the facts to show there is probable cause to believe that evidence of violations of Possession with Intent to Distribute Fentanyl, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C) (hereinafter, the "SUBJECT OFFENSES"), will be found located in the cheek/saliva (buccal swab[1]) of Jevaughn MARK.

## **PROBABLE CAUSE**

7. On Friday, March 22, 2024, at approximately 0601 hours, agents from the Drug Enforcement Agency (DEA) and investigators from the Metropolitan Police Department (MPD) executed a federal search warrant issued by the Honorable Michael Harvey, Magistrate Judge for the U.S. District Court for the District of Columbia, at 2320 Chester Street, SE, Washington, D.C. 20020, apartment/condo 302, based on probable cause to believe there was evidence of narcotics

---

[1] As the Supreme Court has recognized, a "buccal swab" is a "common procedure" that involves "wiping a small piece of filter paper or a cotton swab similar to a Q-tip against the inside cheek of an individual's mouth to collect some skin cells." *Maryland v. King*, 133 S. Ct. 1958, 1967-68 (2013). This procedure is "quick and painless" and poses "no threat to the health or safety" of a defendant. *Id*. at 1968.

trafficking in the residence. The residence consisted of two bedrooms and one individual was found inside, Jevaughn MARK.

a. From bedroom-1 in the residence, law enforcement recovered two firearms, suspected narcotics (powder form over 900 grams), digital scales, empty zip bags, and thousands of dollars U.S. currency in cash. Specifically, law enforcement discovered the following in bedroom-1: one black handgun, serial number ABH757867, inside the white dresser on top shelf and one black and silver, serial number C011374, reported stolen out of Virginia March 15, 2021, located inside the white dresser; thousands of dollars in U.S. currency in the safe kept inside the room and inside the white dresser closet; suspected narcotics and empty zips for packaging.

8. MARK demonstrated his ownership of the apartment by reporting he was the only person who resides there. On March 21, 2024, a Federal Arrest Warrant was issued in U.S. District Court for District of Columbia charging MARK with one count of Unlawful Distribution of Fentanyl, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C), one count of Unlawful Distribution of Forty Grams or More of Fentanyl, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C), one count of Unlawful Distribution of Fentanyl and Heroin, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C) and one count of Unlawful Distribution of Cocaine, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C) . Probable cause exists to believe that the **MARK** has committed crimes for which he has been charged.

9. **MARK** was arrested on **March 22, 2024.**

10. **MARK** is currently detained within the District of Columbia.

11. There is probable cause to search **MARK** for a saliva sample containing his DNA because there is a fair probability that his DNA is evidence of a crime.

12.     Based on the foregoing facts, your affiant believes there is probable cause to believe that the firearms were possessed by **MARK**. The affiant therefore believes there is probable cause to obtain a buccal swab from **MARK**, to compare the DNA collected from the firearm recovered on **March 22, 2024**, to **MARK'S** DNA.

## CONCLUSION

13.     Based upon the above-referenced facts, your affiant submits that there is probable cause to believe that evidence of the SUBJECT OFFENSES will be located in the cheek/saliva (buccal swab) of **Jevaughn MARK.**

Respectfully submitted,

_____
Cristen Modlin
Detective
Metropolitan Police Department

Subscribed and sworn pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on March 27, 2024.

_____
HONORABLE MOXILA A. UPADHYAYA
UNITED STATES MAGISTRATE JUDGE